

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00329-CV

Michael E. **GEIGER**,
Appellant

v.

Paul A. **HAMPEL**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-13615
Honorable Renee Yanta, Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  July 15, 2015

DIMSISSED FOR WANT OF JURISDICTON

Our review of the clerk's record shows appellant, who is pro se, filed a notice of appeal in which he contends he is appealing the "Judgment on Appearance and Default" signed April 13, 2015.  After reviewing the clerk's record, we found no such order.  Rather, the only order in the record is the trial court's order of May 11, 2015, granting a partial summary judgment in favor of appellee.  According to the record, a partial summary judgment was granted on appellee's claim that there was no attorney-client relationship between appellant and appellee.  After granting partial summary judgment in favor of appellee, the trial court set appellant's remaining claims for

trial on May 29, 2015. However, the trial was subsequently stayed because appellant filed a notice of appeal

Based on our review of the record, it appears the only order in the record is a partial summary judgment order, which is interlocutory in that it does not dispose of all of appellant's claims against appellee. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* There is no final judgment in the clerk's record, and we have found no authority permitting an interlocutory appeal from a partial summary judgment order in the circumstances presented here. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding appellate courts have jurisdiction to consider interlocutory orders only if statute explicitly provides such jurisdiction).

Based on the foregoing, we ordered appellant to file a written response in this court showing cause why this appeal should not be dismissed for want of jurisdiction. We advised that if appellant failed to satisfactorily respond, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). Appellant filed a response on July 6, 2015. However, the response does not establish the existence of a final judgment or appealable interlocutory order, and therefore, does not show this court has jurisdiction.

Accordingly, we hold that at this time, there is no order or judgment from which appellant may prosecute an appeal. We therefore dismiss the appeal for want of jurisdiction.

PER CURIAM